**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KIMBERLY A. BRODERICK,<br><br>Debtor. | Chapter 13<br>Case No. 14-10338 |
| MICHAEL AND KIMBERLY  BRODERICK,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Advers. Proc. No. 15-90023 |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS ADVERSARY PROCEEDING**

Bank of America, N.A., ("Defendant"), defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and through the undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6) (collectively, "Rule 12(b)(6)"), submits this *Brief in Support of Motion to Dismiss Adversary Proceeding* (the "Brief"), and in support thereof respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

On May 14, 2014, Defendant filed its proof of claim in this Bankruptcy Case (the "Defendant's Claim"), including an Official Form B-10 and supporting documentation.  On August 15, 2014, the chapter 13 trustee filed her Notice of Claims (the "Notice"), listing the Defendant's Claim and expressly stating that objections were due within forty-five (45) days thereafter pursuant to this Court's Local Bankruptcy Rule 3007-1(d). Notwithstanding this deadline, the above-captioned plaintiffs (collectively, the "Plaintiffs") did not seek affirmative relief regarding the Defendant or the Defendant's Claim for over twelve (12) months, but instead filed a complaint against Defendant (the "Complaint") the day before the Court was scheduled to hear Defendant's *Motion for Relief from Automatic Stay and Co-Debtor Stay.*

1

The Complaint is not only procedurally and substantively deficient, but Plaintiffs have not (and cannot) state a claim justifying any of the relief requested therein. Plaintiffs have not (and cannot) state a claim for equitable subordination because: (1) Plaintiffs do not have standing to assert a claim for equitable subordination; (2) Plaintiffs have not (and cannot) allege facts to assert a claim for equitable subordination; and (3) Plaintiffs' Subordination Claim (as defined herein) violates the Bankruptcy Code. Also, Plaintiffs have not (and cannot) state a basis to disallow the Defendant's Claim because: (1) the Claim Objection is time-barred; and (2) Plaintiffs have not (and cannot) allege facts to disallow the Defendant's Claim. Defendant respectfully requests the Court to dismiss the Adversary Proceeding with prejudice.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On February 13, 2014, the above-captioned debtor (the "Debtor") filed a voluntary petition in this Court for relief under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 et esq. (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Bankruptcy Case"). On May 14, 2014, Defendant filed the Defendant's Claim in this Court, a copy of which is attached as **Exhibit A**. In the Defendant's Claim, Defendant included the Official Form B-10 and substantial documentation supporting the basis and amount of the Defendant's Claim. *See* **Exhibit A**. On August 15, 2014, the chapter 13 trustee (the "Trustee") filed the Notice, a copy of which is attached as **Exhibit B**. In the Notice, the Trustee listed the Defendant's Claim and stated as follows:

> Pursuant to 11 U.S.C. 502(a), the claims are deemed allowed and payment will be remitted to each creditor based on the filed claim amounts unless within 45 days of this Notice, the Debtor or their attorney files a written Objection with the Court AND provides a copy of the objection to the Trustee . All Objections must be in writing and in compliance with Bankruptcy Rule 9014 which requires NOTICE OF MOTION and Motion Objecting to the Claim.

**Exhibit B**, p. 1.

2

On May 27, 2015, Plaintiffs filed the Complaint, which is comprised of five factual allegations mentioning Defendant, and seeks two forms of relief: (a) a "First Cause of Action to Subordinate Secured Claim" seeking to "transfer the lien of the Defendant to the Bankruptcy Estate" (the "Subordination Claim"); and (b) a "Second Cause of Action Objecting to Claim" because "defendant failed to disclose how the documents filed in support of the [Defendant's Claim] were prepared" (the "Claim Objection").

### III.    LEGAL STANDARD

Defendant requests dismissal of the Complaint pursuant to Rule 12(b)(6), which provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. The U.S. Supreme Court has repeatedly warned plaintiffs that the Federal Rules of Civil Procedure "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing, *inter alia*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009) (internal citations and punctuation omitted)). A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the plaintiff's complaint in accordance with the "facial plausibility" standard needed to overcome a motion to dismiss:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S., at 678 (internal citations and punctuation omitted).

Finally, the Supreme Court has described the "facial plausibility" standard as "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.    As this Court has stated, unless the complaint states a claim that is facially plausible, "the defendant should not be subject to the burdens of discovery and the concern of continued litigation." *Scheidelman v. Henderson (In re Henderson)*, 423 B.R. 598, 615 (Bankr. N.D.N.Y. 2010) (Davis, J.) (citing *Iqbal*).    While Defendant vigorously denies the allegations in the Complaint, Defendant should not be subject to the burdens of defending the Adversary Proceeding because Plaintiffs have not (and cannot) state a facially plausible claim justifying any of the relief requested in the Subordination Claim or the Claim Objection.

## IV.    ARGUMENT

### A.  Plaintiffs Have Not (and Cannot) State a Claim for Equitable Subordination.

Plaintiffs' Subordination Claim is governed by Section 510(c) of the Bankruptcy Code, which provides in pertinent part as follows:

> [A]fter notice and a hearing, the court may—
>
> (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
>
> (2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510(c).

Section 510(c) is comprised of two parts.    Subsection (1) authorizes the Court to subordinate "for purposes of distribution all or part of an allowed claim to all or part of another allowed claim." Thus, equitable subordination may not be used to subordinate an allowed claim to anything other than another allowed claim. As this Court has explained, "[e]quitable subordination affects the order of distribution to creditors. Its aim is to undo a wrongdoing by one creditor in the interest of the other creditors." *Westcon Group N. Am., Inc. v. RBS Citizens,*

*N.A. (In re NobleHouse Techs., Inc.)*, 2013 Bankr. LEXIS 5397 at * 11 (Bankr. N.D.N.Y. Dec. 24, 2013) (Littlefield, J.).

To implement the creditor remedy of equitable subordination, Subsection (2) authorizes the Court to order that a lien "securing such a subordinated claim" to be transferred to the estate. Thus, equitable subordination may not be used to alter lien rights unless: (a) the lien secures a subordinated claim (i.e. an allowed claim that has been subordinated to another allowed claim) and (b) the lien is transferred to the estate (and not avoided) in order to effectuate the subordination of the claim. Plaintiffs have not (and cannot) state a claim for equitable subordination because (1) Plaintiffs do not have standing to assert a claim for equitable subordination; (2) Plaintiffs have not and cannot allege facts to assert a claim for equitable subordination; and (3) Plaintiffs' Subordination Claim violates the Bankruptcy Code.

1. <u>Plaintiffs Do Not Have Standing to Assert a Claim for Equitable Subordination.</u>

Because equitable subordination affects the order of distribution to creditors, the Second Circuit Court of Appeals has ruled that a chapter 13 debtor does not have standing to assert an equitable subordination claim. *Riccitelli v. Sensenwich (In re Riccitelli)*, 14 Fed. Appx. 57, 2001 U.S. App. LEXIS 17161 (2d Cir. 2001). In *Riccitelli*, a chapter 13 debtor alleged that its lender's claim should be equitably subordinated due to the lender's alleged failure to procure fire insurance for the debtor's property. *Riccitelli*, 14 Fed. Appx. at 58. On appeal, the Second Circuit held that the chapter 13 debtor lacked standing to bring an equitable subordination claim, specifically stating that, "the purpose of equitable subordination is to remedy wrongdoing by one creditor, in the interests of the remaining creditors; as a debtor, Riccitelli has no standing to seek relief under *§ 510* ... We therefore dismiss Riccitelli's claim for equitable subordination." *Id.*

In this case, one Plaintiff is a chapter 13 debtor and the other is a co-debtor whose status (if any) derives from his relationship with the debtor. *In re Burkey*, 2012 Bankr. LEXIS 5516 at *10-*11 (Bankr. N.D.N.Y. Nov. 28, 2012) (Littlefield, J.) (11 U.S.C. § 1301 "is designed only to protect the principal debtor, not the codebtor. Any protection of the codebtor is incidental.") (internal citations omitted). Plaintiffs do not represent the interests of creditors in the Bankruptcy Case and therefore Plaintiffs do not have standing to assert a claim for equitable subordination.

2.   Plaintiffs Have Not (and Cannot) Allege Facts to Assert a Claim for Equitable Subordination.

Further, Plaintiffs fail to acknowledge the unique circumstances under which equitable subordination is appropriate. As this Court has explained:

> Equitable subordination is an "unusual remedy" to be used only in "limited circumstances." It is "remedial, not penal, and should be applied only to the extent necessary to offset the specific harm that the creditor suffered on account of the inequitable conduct."

*Westcon Group N. Am., Inc. v. RBS Citizens, N.A. (In re NobleHouse Techs., Inc.)*, 2013 Bankr. LEXIS 5397 at * 11 (Bankr. N.D.N.Y. Dec. 24, 2013) (Littlefield, J.) (internal citations omitted).

Because equitable subordination is an unusual remedy to be applied in limited circumstances, the District Court has applied the following "three-part test" to determine whether a creditor's claim may be subordinated:  "First, the claimant must have engaged in inequitable conduct. Second, the misconduct must have resulted in injury to other creditors or conferred an unfair advantage on the claimant. Finally, equitable subordination will be ordered only when to do so would not conflict with the Bankruptcy Code." *Liberty Mutual Ins. Co. v. Leroy Holding Co. (In re Fort Ann Express)*, 226 B.R. 746, 755 (N.D.N.Y 1998) (internal citations omitted).

Regarding the first factor of "inequitable conduct," the District Court has ruled that a "party may not allege simply that it is the victim of 'inequitable conduct,'" but instead must allege (and ultimately establish) facts sufficient to establish "one of three recognized classes of cases where subordination is appropriate. These include (1) fraud, illegality, or breach of

6

fiduciary duty; (2) undercapitalization; or (3) control or use of the debtor as an alter ego for the benefit of the claimant." *Fort Ann Express*, 226 B.R. at 755 (internal citations omitted). Here, Plaintiffs' claims in the Complaint are simply insufficient to allege a fraud claim, especially under the heightened standard of Federal Rule of Bankruptcy Procedure 7009 and Federal Rule of Civil Procedure 9(b) (collectively, "Rule 9(b)") under this Court's precedent. *Bosman v. Glod (In re Glod)*, 528 B.R. 517, 527 n. 11 (Bankr. N.D.N.Y. 2015) ("To satisfy Rule 9(b), a pleading must 'state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent.'") (Davis, J.) (internal citations omitted).

Regarding the second factor of "harm or unfair advantage," the District Court has stated that the "second element requires the advocate for equitable subordination to prove that the specific conduct complained of injured the debtor or other creditors or gave the party taking the action an unfair advantage." *Fort Ann Express*, 226 B.R. at 755. Here, Plaintiffs' claims in the Complaint are insufficient to establish any injury or unfair advantage. Finally, the District Court has interpreted the final factor of equitable subordination to mandate dismissal of an equitable subordination claim where dismissal "is fully consistent with the Bankruptcy Code, particularly its policies of preventing prejudice to creditors and ensuring fair distribution." *Id.* Not only do Plaintiffs fail to allege facts to assert a claim for equitable subordination, but (as shown below) Plaintiffs' Subordination Claim violates the Bankruptcy Code.

3.  Plaintiffs' Subordination Claim Violates the Bankruptcy Code.

Plaintiffs do not have standing to assert an equitable subordination claim and Plaintiffs have not (and cannot) allege facts necessary to establish an equitable subordination claim, each of which is fatal to any requested relief regarding Defendant's lien per Bankruptcy Code section 510(c)(2) (which only refers to a "lien securing such a subordinated claim."). However,

7

Plaintiffs' Subordination Claim also fails because Plaintiffs have not identified (and cannot

identify) a justification for the relief requested in the Complaint.    Instead, Plaintiffs have

requested that "the alleged lien be declared void," which is prohibited under Bankruptcy Code

section 510(c)(2).  As the First Circuit Court of Appeals has explained:

> [N]either the "lien securing such a subordinated claim," nor the transfer which
> gave rise to the lien, can be *avoided* through recourse to subsection 510(c)(1).
> Although subsection 510(c)(2) permits the bankruptcy court to "order that any
> lien securing *such a subordinated claim* [i.e., an allowed claim subordinated
> under subsection 510(c)(1)] be transferred to the estate," neither subsection
> 510(c)(1) nor (2) empowers *avoidance* of the lien or invalidation of the transfer
> which gave rise to the lien. *Bankruptcy Code § 510(c)* is not an avoidance device
> for setting aside *liens* or *transfers*.

*Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1253 n.10 (1st Cir. 1991)
(reversing lower court's equitable subordination of liens in violation of Bankruptcy Code section
510(c)) (emphasis in original).

Because Plaintiffs do not have standing to assert an equitable subordination claim,

Plaintiffs have not (and cannot) allege facts to assert an equitable subordination claim, and

Plaintiffs' Subordination Claim violates the Bankruptcy Code, Defendant respectfully requests

the Court to enter an order dismissing the Subordination Claim under Rule 12(b)(6).

**B.  Plaintiffs Have Not (and Cannot) State a Basis to Disallow the Defendant's Claim.**

Plaintiffs' Claim Objection is governed by Bankruptcy Code section 502(a), which

provides in pertinent part that, "[a] claim or interest, proof of which is filed under section 501 of

this title, is deemed allowed, unless a party in interest … objects."  11 U.S.C. § 502(a).  In this

case, Plaintiffs have not and cannot state a basis to disallow the Defendant's Claim because: (1)

Plaintiffs' Claim Objection is time barred and (2) Plaintiffs have not (and cannot) allege facts to

disallow the Defendant's Claim.

1.  Plaintiffs' Claim Objection is Time Barred.

As an initial matter, Plaintiffs' Claim Objection violates Local Bankruptcy Rule 3007-

1(D), which provides in pertinent part as follows:

> **Claim Objections in Chapter 12 and 13 Cases.** Unless the Court orders
> otherwise, objections to claims in a chapter 12 and 13 case must be filed and
> served within forty-five (45) days of the trustee's service of the "Notice of Claims
> Filed and of Trustee's Intent to Pay Claims as Listed." The trustee shall file the
> Notice of Claims Filed and of Trustee's Intent to Pay Claims as Listed.

LBR 3007-1(D).

On August 15, 2014, the Trustee in the Bankruptcy Case filed the Notice, in which the

Trustee listed the Defendant's Claim and stated as follows:

> Pursuant to 11 U.S.C. 502(a), the claims are deemed allowed and payment will be
> remitted to each creditor based on the filed claim amounts unless within 45 days
> of this Notice, the Debtor or their attorney files a written Objection with the Court
> AND provides a copy of the objection to the Trustee . All Objections must be in
> writing and in compliance with Bankruptcy Rule 9014 which requires NOTICE
> OF MOTION and Motion Objecting to the Claim.

**Exhibit B**, p. 1.

Per the Defendant's Claim and the Notice (each of which the Court may take judicial

notice on a motion to dismiss) and LBR 3007-1(d), the deadline to object to the Defendant's

Claim expired on September 29, 2014.  No party in interest objected to the Defendant's Claim,

and Plaintiffs' Claim Objection is therefore time-barred.  Further, as explained below, Plaintiffs

have not (and cannot) state a basis to disallow the Defendant's Claim.

2.  <u>Plaintiffs Have Not (and Cannot) Allege Facts to Disallow the Defendant's Claim</u>.

As explained previously, Bankruptcy Code section 502(a) provides in pertinent part that,

"[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed,

unless a party in interest … objects." 11 U.S.C. § 502(a).  Further, Federal Rule of Bankruptcy

Procedure 3001(f) provides that "[a] proof of claim executed and filed in accordance with these

rules shall constitute prima facie evidence of the validity and amount of the claim."  Fed. R.

Bankr. P. 3001(f).  As this Court has stated, "[t]he import of these two sections is that [a

claimant's] claims are given the full weight of authenticity unless and until an objection is filed

by a party in interest and the validity of the claims properly challenged." *In re Lehning*, 2007

Bankr. LEXIS 1462 at *9 (Bankr. N.D.N.Y. Apr. 20, 2007) (Littlefield, J.). As this Court further

explained, upon the filing of such a claim:

> The burden of going forward then shifts to the objector to produce evidence
> sufficient to negate the *prima facie* validity of the filed claim. It is often said that
> the objector must produce evidence equal in force to the *prima facie* case. In
> practice, the objector must produce evidence which, if believed, would refute at
> least one of the allegations that is essential to the claim's legal sufficiency.

*Id.* (internal citations omitted).

In *Lehning*, this Court determined that the claimant "filed a timely proof of claim and

attached an itemization of the principal, interest, and collection costs owed" and ruled that such

claim is "*prima facie* evidence of the validity and amount of its claims." *Lehning*, 2007 Bankr.

LEXIS 1462 at *8. Finding that the debtors' objection was "based on vague allegations of

unreasonableness and/or unsubstantiated amounts," the Court overruled the objection because

"mere general averments are insufficient to puncture the *prima facie* presumption of validity of

[the claimant's] claims. *Id.* at *11.

In this case, like *Lehning*, Defendant's Claim is a timely proof of claim including an

itemization of the principal, interest, and collection costs owed, and thus constitutes *prima facie*

evidence of the validity and amount of Defendant's claims. *See* **Exhibit A**. Further, Plaintiffs'

allegations regarding the Defendant's Claim are even weaker than the general averments in

*Lehning*, as Plaintiffs' sole allegation is that the Defendant's Claim "failed to disclose how the

documents filed in support of the [Defendant's Claim] were prepared." Complaint, ¶ 22.

Plaintiffs offer no authority explaining why the alleged failure to disclose how the documents

were prepared constitutes a basis to overcome the *prima facie* evidence supporting Defendant's

Claim. Because Plaintiffs have not (and cannot) state a basis to disallow Defendant's Claim,

Defendant respectfully requests the Court to enter an order dismissing the Claim Objection under

Rule 12(b)(6).

10

## V.    <u>CONCLUSION</u>

WHEREFORE, Defendant respectfully requests the Court to enter an order dismissing the Adversary Proceeding in its entirety with prejudice, and granting Defendant such other and further relief as this Court deems appropriate.

Dated: June 26, 2015

Fein Such & Crane, LLP
Attorneys for Defendant

By: _Miranda Sharlette_
Miranda Sharlette, Esq. (MS-9412)
28 East Main Street, suite 1800
Rochester, NY 14614
585-232-7400

11